162 N.J. Super. 489 (1978)
393 A.2d 610
DISPOSMATIC CORPORATION AND FLORENCE LAND RECONTOURING, INC., A JOINT VENTURE, AND RAMON LAMELA, PLAINTIFFS,
v.
MAYOR AND COUNCIL OF THE TOWN OF KEARNY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 28, 1978.
*491 Mr. Julius B. Poppinga for plaintiffs (Messrs. McCarter & English, attorneys).
Mr. Norman A. Doyle, Jr., Attorney for the Town of Kearny, for defendant.
KENTZ, J.S.C.
This matter is brought to the court by an order to show cause why an injunction should not issue and on defendant's motion for summary judgment. The undisputed facts are as follows. The Town of Kearny (Kearny) is the owner of four parcels of land totaling over 1,200 acres which are currently being utilized as a landfill. Kearny has advertised for bids to be submitted for a lease of this property for ten years beginning April 14, 1979 for the purpose of continuing the landfill operations. Bids were originally scheduled to be received on September 6. There was an addendum to the bid specifications which stated that bids would be accepted orally by auction bidding and that sealed bids were not required.
Plaintiffs, who are a taxpayer and a joint venture composed of two New Jersey corporations, applied for and received a temporary restraining order on September 5. Under that order Kearny was restrained from accepting bids pending this court's determination of plaintiffs' contention that the bidding *492 procedures proposed by Kearny were improper and that sealed bids were required by law.

I. Standing
Initially, defendant challenges the standing of plaintiff joint venture to bring this action. It does not question the standing of plaintiff Lamela as a taxpayer to institute this proceeding, conceding that the right of a taxpayer to challenge municipal or other governmental bidding procedures has long been recognized by the courts of this State. See K.S.B. Tech. Sales v. North Jersey Dist. Water Supply, 75 N.J. 272, 279-280 (1977); Camden Plaza Parking v. Camden, 16 N.J. 150, 158-159 (1954); Waszen v. Atlantic City, 1 N.J. 272, 276 (1949).
In light of the fact that plaintiff Lamela clearly possesses sufficient standing to maintain this action, the question of plaintiff joint venture's standing need not be decided by this court. The presence of one plaintiff with standing is sufficient to enable a court to pass on the merits of a case. See K.S.B. Tech. Sales v. North Jersey Dist. Water Supply; Camden Plaza Parking v. Camden, supra.

II. Summary judgment motion

Defendant moves for summary judgment on the ground that since there is no genuine issue of material fact present here, defendant is entitled to judgment as a matter of law. Upon consideration of the pleadings, affidavits and argument of counsel, this court has determined that there is no genuine issue of material fact and that the matter is now ripe for summary judgment. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954).
I will now proceed to a consideration of the legal issue involved as to whether sealed bids are a statutory requirement for the awarding of a lease of municipality-owned property. Plaintiffs' contention is that the agreement in question is not a lease but rather a contract for the provision *493 of services and thus sealed bids are required by the Local Public Contracts Law (N.J.S.A. 40A:11-1 et seq.) (Contracts Law). Defendant has conceded that if such were the case, sealed bids would be required. However, Kearny argues that the agreement is actually a lease and is governed by the Local Lands and Building Law (N.J.S.A. 40A:12-1 et seq.) (Lands Law) which does not require sealed bids. Plaintiffs nevertheless maintain that sealed bids are also required by N.J.S.A. 40A:12-14. Since it is not disputed that the Contracts Law expressly requires sealed bids if the agreement is one merely for services, I will only consider the question of whether the Lands Law, particularly § 14 thereof requires sealed bids for the award of a lease of municipal property.
The leasing of municipally owned property is governed by N.J.S.A. 40A:12-14 "except as otherwise provided by law." This section admittedly does not contain any express requirement of sealed bids but does provide that
Acceptance or rejection of the bid or bids shall be made not later than at the second regular meeting of the governing body following the opening of the bids. * * * [N.J.S.A. 40A:12-14(a); emphasis supplied]
The parties disagree as to the interpretation of this provision. Plaintiffs urge that it evidences a legislative presupposition that sealed bids would be employed and are thus required. Defendant counters with several possible alternative interpretations and argues that a requirement of sealed bids cannot be construed from the reference to the provision that requires the opening of the bids. This provision must be given some effect by the court. Statutory interpretations which render a part of a statute meaningless are to be avoided. Hoffman v. Hock, 8 N.J. 397, 406 (1952). As an aid in interpreting ambiguities in statutory language, the court may examine statutes which are in pari materia with the ambiguous statute, Clifton v. Passaic Cty. Bd. of Tax., 28 N.J. 411, 421 (1958), and statutes "which relate to the *494 same matter or subject" may be referred to for guidance in the interpretation of legislative ambiguities, id.; Brewer v. Porch, 53 N.J. 167, 174 (1969). Furthermore, the most convincing evidence which justifies utilization of an in pari materia interpretation of two statutes is identity of purpose, State v. Di Carlo, 67 N.J. 321, 325 (1975), especially when the two acts involved were enacted by the Legislature on the same day. Labor Dep't v. Cruz, 45 N.J. 372, 377 (1965).
The Contracts Law and the Lands Law were both enacted on June 9, 1971, to be effective July 1, 1971. In requiring bidding both statutes serve the same purpose, namely, the elimination of corruption, favoritism and extravagance, a purpose common to all bid statutes. Mendez v. Newark, 132 N.J. Super. 261, 267 (Law Div. 1975). See L. Pucillo & Sons, Inc. v. New Milford Mayor, 73 N.J. 349, 356 (1977) (Local Public Contracts Law); Skakel v. North Bergen, 37 N.J. 369, 378 (1962) (N.J.S.A. 40:60-26, repealed, now incorporated in N.J.S.A. 40A:12-13); Waszen v. Atlantic City, supra 1 N.J. at 283 (R.S. 40:50-1, repealed, now incorporated in N.J.S.A. 40A:11-4 to 40A:11-6; R.S. 40:66-4, now N.J.S.A. 40:66-4).
The reading of these two statutes in pari materia is not unprecedented. In Mendez v. Newark, supra, the court was faced with the question of whether the Lands Law required a hearing in the event the governing body chose to reject the highest bid submitted for purchase of municipal land. The Lands law contains no express provision requiring such a hearing but the Contracts Law does (N.J.S.A. 40A:11-32). Although constitutional due process considerations were involved in the court's opinion, it is clear that an in pari materia interpretation of the Lands Law also guided the court to its conclusion that such a hearing was required under the Lands Act. See 132 N.J. Super. at 267, 269.
After considering the identity of purpose of the two statutes, their simultaneous enactment and the fact that the ambiguity of the Lands Law can be clarified by reference to *495 the provisions of the Contracts Law, it is the opinion of this court that the reference in N.J.S.A. 40A:12-14(a) to the "opening of the bids" evidences a legislative intention that sealed bids, as described in N.J.S.A. 40A:11-23, must be utilized in connection with the leasing of the lands in question. The auction bidding as proposed by Kearny is improper and its motion for summary judgment must therefore be denied.
In view of this holding, I find it unnecessary to determine whether the agreement for which bids are sought is actually a lease since sealed bids are required under either statute.

III. Injunctive Relief

Defendant opposes plaintiffs' application for an injunction on the grounds that there exists an adequate remedy at law for damages and that the evils which plaintiffs fear might accompany auction bidding are at best speculative. However, it is clear that plaintiffs need not prove actual corruption or manipulation of the bidding process to entitle them to relief.
To achieve [the purposes of competitive bidding statutes] all bidding practices which are capable of being used to further corrupt ends or which are likely to affect adversely the bidding process are prohibited. * * * This is so even though it is evident that in fact there was no corruption or any actual adverse effect upon the bidding process. [Terminal Const. Corp. v. Atlantic City Sewerage Auth., 67 N.J. 403, 410; emphasis supplied]
To the extent that "[b]idding statutes are for the benefit of the taxpayers," id. at 409, and the evils sought to be remedied are purely financial, money damages, if available, might constitute an adequate remedy at law. But these statutes also serve to guard against corruption, favoritism and extravagance; "[t]heir aim is to secure for the public the benefits of unfettered competition," id. at 410, for which an action for damages is clearly an inadequate substitute. *496 In Hillside Tp. v. Sternin, 25 N.J. 317, 326 (1957), the court opined:
In this field, it is better to leave the door tightly closed than to permit it to be ajar, thus necessitating forevermore in such cases speculation as to whether or not it was purposely left that way. Cf. Armitage v. Newark, [86 N.J.L. 5, 10 (Sup. Ct. 1914)]; McQuillin, [Municipal Corporations], § 29.30. Only by this approach can the desired protection be afforded to the taxpayer; only in this way can perfect equality be maintained among bidders.
Only by granting the injunctive relief sought by plaintiff can this court ensure that the door remains tightly closed to the evils which are to be averted.
Accordingly, Kearny is enjoined from receiving, opening or evaluating bids or awarding a contract based upon the invitation for bids and the amended bid specifications which are the subject matter of this litigation.